# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff(s) vs. AUSTIN ANDREW GOODMAN, Defendant(s) | **HEARING MINUTES** Sealed: No<br>Case No.: 2:25-cr-1039-CJW-MAR<br>Presiding Judge: Mark A. Roberts<br>Deputy Clerk: Rachel J. Scott<br>Official Court Record: FTR Gold<br>Contact Information: -- |

| Date: | 10/02/2025 | Start: | 11:05 AM | Adjourn: | 11:12 AM | Courtroom: | 3, 4th Floor |
|---|---|---|---|---|---|---|---|
| Recesses: | -- | | | Time in Chambers: | -- | Telephonic? | -- |
| Appearances: | Plaintiff(s): | AUSA Emily K. Nydle | | | | | |
| | Defendant(s): | AFPD Christopher J. Nathan (Defendant appears personally) | | | | | |
| | U.S. Probation: | | | | | | |
| | Interpreter: | -- | Language: | -- | Certified: | -- | Phone: -- |

**TYPE OF PROCEEDING:** INITIAL APPEARANCE: X  AND/OR  ARRAIGNMENT: X

Contested? No   Continued from a previous date? No

| | |
|---|---|
| Date of Indictment: | 09/09/2025 |
| Was defendant *Mirandized*? | Yes |
| Defendant pleaded | Not guilty to count 1 of the indictment |
| Counsel: Retained X  Appointed (FPD or CJA Panel): | AFPD Zachary D. Crowdes |
| Stipulation to discovery plan? | No |
| Did the government move for detention? Yes  Was the defendant detained? | Yes |
| Detention hearing: | 10/7/2025 3:00 PM MAR |
| Trial date: | 12/01/2025 CJW |
| **Witness/Exhibit List is** | |

The offering party must, within 3 days after the hearing, file in electronic form any exhibit that was not filed with a motion, resistance, or other filing related to this hearing. Pub. Admin. Order 09-AO-03-P (5/29/09) ¶7.

**Miscellaneous:**

Defendant exercises his right to remain silent.

Defendant states he does not understand his right to attorney and does not consent to have an attorney appointed.

Court provisionally appoints AFPD Zachary D. Crowdes.

Court explains that before he can proceed pro se a Faretta hearing will need to be held for the court to determine that Defendant is waiving his right to have an attorney to represent him.

Defendant states Austin Andrew Goodman is not his true name, and it is not spelled correctly.

Court reads indictment to Defendant in open court.

Defendant states that Mr. Nathan is not authorized to enter a plea on his behalf and Defendant does not want to enter a plea.

The court enters a plea of not guilty over the objection of the Defendant.

| | |
|---|---|
| | Case will be governed by the Federal Rules of Criminal Procedure and any federal statutory and case law regarding discovery.<br><br>Court confirms the United States' obligation under Rule 5(f), that is, to disclose to the defendant all exculpatory evidence as required by Brady v. Maryland and its progeny. Failure to disclose any such evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanction by the Court.<br><br>Defendant states he did not understand any of these proceedings |