IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF IOWA
EASTERN (DUBUQUE) DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AUSTIN ANDREW GOODMAN,<br><br>Defendant. | No. 25-CR-1039<br><br>**MOTION TO DISMISS** |

COMES NOW, Defendant Austin Goodman, who moves this Court to dismiss the indictment against him, which charges Mr. Goodman with being a prohibited person in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(4) and 924(a)(8).

Mr. Goodman moves to dismiss the indictment consistent with *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), and developing persuasive precedent. *See, e.g.*, *Tyler v. Hillsdale Cty. Sheriff's Dept.*, 837 F.3d 678 (6th Cir. 2016) (holding plaintiff, who had been briefly committed two decades prior, stated plausible claim that permanent disarmament under § 922(g)(4) was unconstitutional as applied to him); *United States v. Rose*, No. 1:23-cr-34-HAB (N.D. In. filed Dec. 20, 2023) (order granting motion to dismiss indictment) (holding § 922(g)(4) was unconstitutional as applied to defendant who was briefly committed as a child and could not restore his firearm rights under state law).

Mr. Goodman recognizes that although the Eighth Circuit has yet to decide the constitutionality of Section 922(g)(4) since *Bruen*, in other contexts it has relied upon the "assurances" from the Supreme Court that the holdings in *Bruen* and prior cases did not cast doubt on the "longstanding prohibitions on the possession of firearms by felons and the mentally ill." *United States v. Jackson*, 69 F.4th 495, 501–02 (8th Cir. 2023) ("Given these assurances by the

1

Supreme Court, and the history that supports them, . . . there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)."). Other circuits, however, following the standard and reasoning set by *Bruen*, have found these "assurances" unconvincing and the historical tradition unsupportive. The issue presented by this motion is continuing to be litigated across the country and may ultimately need to be resolved by the Supreme Court. Recognizing *Jackson*, Mr. Goodman moves the Court to dismiss the charges under § 922(g)(4) against him as unconstitutional under the Second Amendment, both as-applied and facially.

      A brief in support of this motion is attached.

Respectfully submitted,

FEDERAL DEFENDER'S OFFICE
222 Third Avenue SE, Suite 290
Cedar Rapids, IA  52401-1509
TELEPHONE: (319) 363-9540
TELEFAX: (319) 363-9542

BY: /s/ Zach D. Crowdes
ZACH D. CROWDES
zach_crowdes@fd.org
ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE
I hereby certify that on December 5, 2025, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.
    By:  /s/ Angie McClain