**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

AUSTIN ANDREW GOODMAN,

Defendant.

No. 25-cr-1039-CJW

**ORDER REGARDING
JURY SELECTION**

_____

The Court intends to use the "jury strike method" to select the jury in this case. This was the method regularly used in the Northern District of Iowa prior to the implementation of the "serial strike method."

This Order is intended to explain the jury selection method for the parties' benefit.

***JURY SELECTION PROCEDURES***:   The following describes the jury selection procedures.

***A.***    The Clerk of Court will notify approximately **forty to fifty** randomly selected potential jurors to appear at the courthouse at **8:15 a.m.** on the first day of trial. About a week before trial, the Clerk of Court will file on CM/ECF a list of the potential jurors, together with copies of their juror questionnaires, and the seating chart of the first twenty-nine potential jurors[1] in the order in which they were randomly drawn. The court will be provided with a separate list of all of the potential jurors in the order in which they were randomly drawn.

---

[1]Twenty-nine is the number of potential jurors needed, after sixteen peremptory challenges, to produce twelve jurors and one alternate.   One additional potential juror will be seated for each additional peremptory challenge and for each additional alternate juror required to try the case.   Any request for additional peremptory challenges or alternate jurors must be filed at least **14 days** before the commencement of the trial.   If there are multiple defendants, the defendants must decide how to use their peremptory challenges.   If the defendants cannot agree, they must file a motion seeking relief at least **14 days** before the commencement of trial.

1

**B.** The first twenty-nine of the preselected potential jurors appearing for jury selection will be seated in order in the jury box[2] and will be the potential jurors first considered for empanelment on the jury.

**C.** The Clerk of Court will open court.

**D.** The court will greet the jury, counsel, and the parties; announce the name of the case to be tried and ask counsel if they are ready to proceed.

**E.** The court will swear in the entire jury panel.

**F.** The court will make some introductory remarks to the jury about the jury selection process.

**G.** The court will ask the entire jury panel if they are aware of any circumstance that might prevent their service on the jury, and may excuse anyone for whom the court believes jury service would be an undue burden.

**H.** The court will read a statement of the case.

**I.** The court will introduce the courtroom staff, then ask the counsel to identify themselves, the members of their firms, their clients, the names of witnesses they expect to call at trial and the names of persons that may be referenced during the trial.

**J.** The court will engage the preselected potential jurors in an initial voir dire. This voir dire may include questions for the panel requested by a party who has filed a timely pretrial request for voir dire.

**K.** After the court has completed its questions, each side will be permitted to conduct jury voir dire.  Counsel's request for additional time for voir dire because of the complexity or unusual nature of a case, or in multi-party cases, should be made no later than **14 days** before trial.

---

[2] If any of the first twenty-nine preselected potential jurors do not appear for jury selection or are excused from jury service after arriving at the courthouse, such potential jurors will be replaced with the next potential juror on the court's list of preselected potential jurors and counsel will be provided with an updated list.

2

***L.*** The parties may challenge any potential juror for cause. These challenges may be made at the sidebar. If a potential juror is excused for cause, he or she will be replaced by the next potential juror on the court's list of preselected potential jurors, who then will undergo the same questioning as the other potential jurors. There will be twenty-nine potential jurors remaining in the jury box at the conclusion of voir dire.

***M.*** The Courtroom Deputy will give counsel for the United States a seating chart of the twenty-nine remaining potential jurors. Counsel for the United States is to strike three of the names by noting next to the name "π 1," "π 2," and so on, and then state aloud, "Exercised." The Courtroom Deputy then will take the chart and hand it to defense counsel, who is to strike five of the names by noting next to the name "Δ 1," "Δ 2," and so on, and then state aloud, "Exercised." This procedure will be repeated until the United States has exercised six peremptory challenges and the defendant has exercised ten peremptory challenges, and thirteen jurors remain on the chart.

***N.*** After the defendant has exercised the last strikes, the Courtroom Deputy will provide the United States with the chart for review. The Courtroom Deputy will then provide the chart to the court. The names of the thirteen remaining jurors will be announced, and the rest of the panel will be excused. The thirteen names announced will be the jury. **The alternate juror shall be the last juror called forward and seated.** The alternate juror will not be advised that he or she is an alternate juror.

***O.*** The court will swear in the jury.

Any objection to the procedure set forth above shall be filed by February 26, 2026. If the parties fail to make any objections, then the method described above will govern.

**IT IS SO ORDERED** this 12th day of February, 2026.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa

3